32

FOREST CITY INVEST. CO. v. HAAS

Ohio Appeals, 8th Dist., Cuyahoga County No. 5161. Decided Sept. 29, 1924.

For former decision see 2 Abs. 55.

1002. RECEIVERS—Appointment of a receiver for a corporation not insolvent, and no ancillary relief is sought, is improper.

VICKERY, P. J.

Epitomized Opinion

Published only in Ohio Law Abstract

Action by Haas charging certain irregularities in management of the business of the Forest City Invest. Co. and specifically charging that Witt had mismanaged the business of the company and committed specific irregularities; that the company was insolvent and requested the appointment of a receiver and accounting by Witt. On motion for appointment of a receiver the judge found that the company was not insolvent, but that due to the existence of certain irregularities that needed investigating the court appointed a receiver. On petition in error the court of appeals reversed the judgment of the court below, holding:

That the appointment of a receiver is usually ancillary to some other relief, and the only relief sought in this action other than the appointing of a receiver is an accounting against Witt.

As the court found the company was not insolvent the appointment of a receiver under the circumstances as shown by the record was unwarranted and constituted an abuse of discretion by the court.

Attorneys—Friebolin & Byers, for Company; George E. Spooner, for Haas; all of Cleveland.

## PUBLISHERS' COLUMN

# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879

CHIEF EDITOR - - - W. J. TOSSEL
President - - - - J. F. Laning
Vice Pres. and Cir. Mgr. - Sam H. Torrey
Secretary and Treasurer - - S. R. Laning

Issued Every Wednesday      50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance.......$15.00
Single Numbers ............................... .35
When cash is mailed to us in advance
20 per cent discount

### EXPIRATIONS

We send notices to subscribers, four weeks in advance of the date to which their subscription is paid, thus assuring them of ample knowledge in time to prepay renewals, and save the 20 per cent we give to those who mail the money in advance.

Address all communications to

THE LAW ABSTRACT COMPANY

1727 Bryn Mawr, Cleveland, O.

P. O. Box 55, East Cleveland Sta.

The Abstract will be properly represented at the Capitol this winter, and will thus be able to give its subscribers a good Legislative Service. This will cover the new laws passed by the legislature; which are of general interest to the profession. Through its Digest and Code Notes, the new laws and amendments published herein will be carefully indexed, so that each provision can be readily located and found. We shall not publish the lists of bills introduced or considered, as these can be found in the daily and weekly newspapers.

We ask the indulgence of our subscribers who are entitled to the Abstract Annual. This we promised early in 1925, and entered into a contract for printing it with a firm which agreed to have it ready for such a delivery. But owing to the miscalculations as to the size of the job, and failure to take into consideration Christmas and New Years and their inability to get work out of their printers during the holiday season, it has been unable to complete the work. We expect to mail it next week.

While it is the practice of the Supreme Court to clear its docket, at the close of the year, of all cases that can be disposed of, and a large output of decisions was expected for December, 1924, the yield was much greater than was anticipated. The six pages of supreme court proceedings and syllabi herein, make a good showing for the activities of its judges. Besides these there is a page of New Cases, Docketed, showing that the lawyers are busy, and do not propose that the supreme court shall be out of plenty of business.

This week we are called on to use so much space for Supreme Court decisions, that we are leaving out Digest, Concordance, etc., and giving only Court of Appeals Cases. Next week's issue will contain the Digest for both this and next week's cases and the contents of the paper will be given up almost exclusively to Court of Appeals Cases. We will give special attention to cases from this court, hereafter, and expect to greatly increase the number of them reported, altho it may require us to increase its number of pages.